**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**


**NOTICE OF HEARING SESSION**


Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION: **January 27, 2022**

LOCATION OF HEARING SESSION: Wilkie D. Ferguson, Jr. U.S. Courthouse
Ceremonial Courtroom 13-3, 13th Floor
400 North Miami Avenue
Miami, Florida 33128

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.** Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS: Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c). Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel continues to monitor the ongoing COVID-19 pandemic. **At present, the Panel intends to hear oral argument <u>in person</u>, but reserves the option to hear oral argument by videoconference or teleconference should circumstances warrant.** Allocations of argument time will be made before the Hearing (using procedures employed at recent Panel hearings conducted by videoconference) such that counsel will be informed in advance of the hearing whether they are allocated time to argue. Allocations will not be made or changed at the Hearing. Further details regarding how the Hearing Session will be

-2-

- conducted shall be provided after the filing of the parties' Notices of Presentation or Waiver of Oral Argument.

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district. Any change in position should be conveyed to Panel staff before the beginning of oral argument. Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **January 3, 2022.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

cc: Clerk, United States District for the Southern District of Florida

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

HEARING SESSION ORDER

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on January 27, 2022, the Panel will convene a hearing session in Miami, Florida, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).  **Oral argument will be heard <u>in person</u> unless the Panel determines that circumstances caused by the COVID-19 pandemic warrant hearing argument by videoconference or teleconference.**  Should the Panel determine that oral argument is to be conducted by videoconference or teleconference, the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this decision to counsel for all parties involved in the matters listed on the attached Schedule.

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c).  The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

SCHEDULE OF MATTERS FOR HEARING SESSION
January 27, 2022 -- Miami, Florida

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3021 − **IN RE: SOCLEAN, INC., MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Larry Hunter-Blank, et al., to transfer the following actions to the United States District Court for the District of Kansas:

Middle District of Alabama

BRACKINS, ET AL. v. SOCLEAN, INC., C.A. No. 2:21−00651

Northern District of Alabama

CUPP, ET AL. v. SOCLEAN, INC., C.A. No. 1:21−01309

Eastern District of Arkansas

LANDERS v. SOCLEAN, INC., C.A. No. 4:21−00919

Middle District of Georgia

BROOKS v. SOCLEAN, INC., C.A. No. 5:21−00357

District of Kansas

STAHL v. SOCLEAN, INC., C.A. No. 2:21−02424
HUNTER−BLANK v. SOCLEAN, INC., C.A. No. 2:21−02425

Western District of Louisiana

HEBERT v. SOCLEAN, INC., C.A. No. 6:21−03225

Southern District of Mississippi

SAKALARIOS v. SOCLEAN, INC., C.A. No. 2:21−00114

Western District of Missouri

TURNER v. SOCLEAN, INC., C.A. No. 4:21−00722
JENKINS v. SOCLEAN, INC., C.A. No. 4:21−00723

Western District of Texas

WHEELER v. SOCLEAN, INC., C.A. No. 1:21−00837

MDL No. 3022 − **IN RE: HARVEST ENTITIES FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION**

Motion of defendants Harvest Hospitalities, Inc., et al., to transfer the following actions to the United States District Court for the District of Maryland or, in the alternative, the United States District Court for the Western District of Pennsylvania:

District of Maryland

MORALES, ET AL. v. HARVEST HOSPITALITIES, INC., ET AL., C.A. No. 1:21−02482

District of New Jersey

ROYAL, ET AL. v. HARVEST HOSPITALITIES, INC., ET AL., C.A. No. 3:21−17737

Eastern District of Pennsylvania

WILSON, ET AL. v. HARVEST HOSPITALITIES, INC., ET AL., C.A. No. 2:21−04274

Western District of Pennsylvania

DUKE v. HARVEST HOSPITALITIES, INC., ET AL., C.A. No. 2:20−00865

MDL No. 3023 − **IN RE: TAXOTERE (DOCETAXEL) EYE INJURY PRODUCTS LIABILITY LITIGATION**

Motion of plaintiff Jade Porter to transfer the following actions to the United States District Court for the Northern District of California or, in the alternative, the United States District Court for the District of Arizona:

District of Arizona

CONE v. SANOFI US SERVICES, INC., ET AL., C.A. No. 2:21−00689

Central District of California

BURNS v. SANOFI US SERVICES, INC., ET AL., C.A. No. 2:21−08964
HAMILTON−MOEWS v. SANOFI US SERVICES, INC., ET AL., C.A. No. 5:21−00718

Eastern District of California

VEGA v. SANOFI US SERVICES, INC., ET AL., C.A. No. 2:21−00730

Northern District of California

PORTER v. SANOFI US SERVICES, INC., ET AL., C.A. No. 3:21−01891
ESTELL v. SANOFI US SERVICES, INC., ET AL., C.A. No. 3:21−02749

# SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2197 − **IN RE: DEPUY ORTHOPAEDICS, INC., ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Bruce Mattson and Thomas Ross to transfer of their respective following actions to the United States District Court for the Northern District of Ohio:

<u>Northern District of Illinois</u>

MATTSON v. DEPUY ORTHOPAEDICS, INC., ET AL., C.A. No. 1:21−05095
ROSS v. DEPUY ORTHOPAEDICS, INC., ET AL., C.A. No. 1:21−05097

MDL No. 2244 − **IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Kelly Hunter, Elizabeth Reid, David Uhle, and John Spaeth to transfer of their respective following actions to the United States District Court for the Northern District of Texas:

<u>Middle District of Florida</u>

HUNTER v. MEDICAL DEVICE BUSINESS SERVICES, INCORPORATED, ET AL., C.A. No. 3:21−00964
REID v. BAYSIDE ORTHOPAEDICS, INC., ET AL., C.A. No. 8:21−02678

<u>Northern District of Illinois</u>

UHLE v. DEPUY ORTHOPAEDICS, INC., ET AL., C.A. No. 1:21−05798

<u>Northern District of Ohio</u>

SPAETH v. TJM MEDICAL, INC., ET AL., C.A. No. 1:21−02160

MDL No. 2406 − **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION**

Opposition of plaintiffs John Hoover, et al., to transfer of the following action to the United States District Court for the Northern District of Alabama:

Southern District of Florida

HOOVER, ET AL. v. BLUE CROSS AND BLUE SHIELD ASSOCIATION, ET AL., C.A. No. 1:21−23448

MDL No. 2738 − **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Jennifer Houseman Corbett to transfer of the following action to the United States District Court for the District of New Jersey:

Western District of New York

CORBETT v. WALMART INC., C.A. No. 1:21−00996

MDL No. 2741 − **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Marita Renteria to transfer of the following action to the United States District Court for the Northern District of California:

District of New Mexico

RENTERIA v. MONSANTO COMPANY, ET AL., C.A. No. 2:21−00994

MDL No. 2804 − **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Ohio:

<u>District of Maine</u>

EASTERN MAINE MEDICAL CENTER, ET AL. v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:21−00320

<u>Eastern District of Pennsylvania</u>

CITY OF PHILADELPHIA v. CVS RX SERVICES, INC., ET AL., C.A. No. 2:21−04701

<u>District of Puerto Rico</u>

COMMONWEALTH OF PUERTO RICO v. ACTAVIS LABORATORIES FL, INC., C.A. No. 3:21−01535

<u>Southern District of Texas</u>

COUNTY OF CORYELL v. WALGREENS CO., ET AL., C.A. No. 4:21−03351
COUNTY OF KENDALL v. WALGREENS CO., ET AL., C.A. No. 4:21−03354

<u>Western District of Wisconsin</u>

THE CITY OF JANESVILLE v. PHARMAVENTURES, INC., ET AL., C.A. No. 3:21−00678

MDL No. 2846 − **IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Issac Montano to transfer of the following action to the United States District Court for the Southern District of Ohio:

<u>District of New Mexico</u>

MONTANO v. WEXFORD HEALTH SOURCES, INC., ET AL., C.A. No. 1:21−01099

MDL No. 2885 − **IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Florida:

District of Minnesota

ALBURY, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−02132
BUTLER, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−02134
HARRIS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−02136
WEBB v. 3M COMPANY, ET AL., C.A. No. 0:21−02138
LOR, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−02140
ANDREWS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−02143
HEATH v. 3M COMPANY, ET AL., C.A. No. 0:21−02259

MDL No. 2913 − **IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Cristian Ali, Michael A. Lumpkins, and Denis N. Byrne, Sr., to transfer of their respective following actions to the United States District Court for the Northern District of California:

Southern District of Florida

ALI v. 7−ELEVEN, INC., C.A. No. 1:21−23588

Northern District of Illinois

LUMPKINS v. JUUL LABS, INC., ET AL., C.A. No. 1:21−05959

Southern District of New York

BYRNE v. JUUL LABS, INC., ET AL., C.A. No. 1:21−09110

MDL No. 2924 − **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Yasmin Husrom, et al.; Randall Kmieciak; and John Dalicandro to transfer of their respective following actions to the United States District Court for the Southern District of Florida:

<u>District of Nevada</u>

HUSROM, ET AL. v. LAS VEGAS MEDICAL GROUP, LLC, ET AL.,
  C.A. No. 2:21−01929

<u>Eastern District of Pennsylvania</u>

KMIECIAK v. GLAXOSMITHKLINE LLC, ET AL., C.A. No. 2:21−04480
DALICANDRO v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL.,
  C.A. No. 2:21−04482

MDL No. 3014 − **IN RE: PHILIPS RECALLED CPAP, BI−LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Gayla Graham, et al.; Barbara Walker; and John Mack, et al., to transfer of their respective following actions to the United States District Court for the Western District of Pennsylvania:

<u>Western District of Kentucky</u>

GRAHAM, ET AL. v. RESPIRONICS, INC., ET AL., C.A. No. 3:21−00485

<u>District of Massachusetts</u>

WALKER v. PHILIPS NORTH AMERICA LLC, ET AL., C.A. No. 1:21−11669
MACK, ET AL. v. PHILIPS NORTH AMERICA LLC, ET AL., C.A. No. 1:21−11670

MDL No. 3019 − **IN RE: T−MOBILE CUSTOMER DATA SECURITY BREACH LITIGATION**

Opposition of plaintiff James Achermann to transfer of the following action to the United States District Court for the Western District of Missouri:

<u>Northern District of California</u>

ACHERMANN v. T−MOBILE USA, INC., C.A. No. 3:21−08995

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

    (a)    <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

    (b)    <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard.  Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

        (i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

    (c)    <u>Hearing Session</u>. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

        (i) the dispositive issue(s) have been authoritatively decided; or

        (ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.  Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

    (d)    <u>Notification of Oral Argument</u>. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

        (i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

        (ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

    (e)    <u>Duty to Confer</u>. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

    (f)    <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.