UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BLUE CROSS BLUE SHIELD                                              MDL No. 2406
ANTITRUST LITIGATION

TRANSFER ORDER

**Before the Panel**: Plaintiffs in a Southern District of Florida action (*Hoover*), which is listed on the attached Schedule A, move under Panel Rule 7.1 to vacate our order conditionally transferring *Hoover* to MDL No. 2406.  Defendants[1] oppose the motion.

After considering the arguments of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 2406, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Transfer is warranted for the reasons set forth in our initial order establishing this MDL docket, which is comprised of actions involving factual questions regarding "the licensing agreements between and among the Blue Cross Blue Shield Association (BCBSA) and its 38 licensees (Blue Plans)."  *In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1374 (J.P.M.L. 2012).  There are two categories of MDL plaintiffs, health insurance subscribers and healthcare providers, both of which "contend that the 38 Blue Plans are independent health insurance companies that, but for any agreement to the contrary, could and would compete with one another." *Id.* at 1375.  Plaintiffs in *Hoover* are health insurance subscribers who have opted out of a class settlement covering the subscriber portion of the MDL.  The transferee court has stated its intent to rule on the motion for final approval of the subscriber class settlement following the issuance of a supplemental notice to approximately 195,000 self-funded accounts.

No party disputes the significant factual overlap that *Hoover* shares with the other MDL actions in the subscriber class.  Plaintiffs largely oppose transfer because, they argue, the subscriber class settlement obviates the need for transfer and that informal alternatives to centralization, like discovery sharing, are workable.  We are not persuaded by plaintiffs' attempts to treat the settlement as a *fait accompli*, and we will deny their motion to vacate.  We are mindful, though, that "the relative merits of transferring new tag-along actions to an ongoing MDL can change over time as the transferee court completes its primary tasks and cases already in the centralized proceedings progress toward

---

[1]  Blue Cross and Blue Shield Association, Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Florida, Inc., Blue Cross and Blue Shield of Massachusetts, Inc., Blue Cross and Blue Shield of North Carolina, Group Hospitalization and Medical Services, Inc., HMO Missouri, Inc., Health Care Service Corp., Highmark, Inc., Horizon Healthcare Services, Inc., and Louisiana Health Service & Indemnity Co.

-2-

trial or other resolution." *In re Rail Freight Fuel Surcharge Antitrust Litig. (No. II)*, 437 F. Supp. 3d 1365, 1366 (J.P.M.L. 2020). If the transferee court grants the pending motion to approve the subscriber settlement, continued inclusion of individual actions brought by subscribers who opted out of the settlement may not contribute to the efficient conduct of the litigation. Those individual actions may focus on unique facts related to the opt-out plaintiffs' damages, and, consequently, might proceed more efficiently in their respective transferor courts than in the transferee court, which is focusing on resolution of the claims in the provider class track. This, however, is a determination for the transferee judge to make in the exercise of his discretion. If he determines that Section 1407 remand of *Hoover* or any other action is appropriate, he can suggest remand with a minimum of delay. *See* Panel Rules 10.1-10.3.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Alabama and, with the consent of that court, assigned to the Honorable R. David Proctor for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: BLUE CROSS BLUE SHIELD**                  MDL No. 2406
**ANTITRUST LITIGATION**

## SCHEDULE A

<u>Southern District of Florida</u>

HOOVER, ET AL. v. BLUE CROSS AND BLUE SHIELD ASSOCIATION, ET AL.,
    C.A. No. 1:21−23448